UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DAX ANDRE-VINCENT PARKER,
        *Defendant-Appellant.*

No. 01-4236

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-447)

Submitted: March 12, 2002

Decided: March 22, 2002

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marc Seguinot, LAW OFFICE OF MARC SEGUINOT, Fairfax, Virginia, for Appellant. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dax Andre-Vincent Parker pled guilty to possession with intent to distribute over five grams of cocaine base and felon in possession of a firearm. On appeal, he alleges that he received ineffective assistance of counsel in connection with his plea. We affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295.

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In the context of a conviction following a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Even assuming that Parkers' counsels' conduct was deficient, we find that the record does not conclusively establish that, in the absence of counsels' errors, Parker would have insisted upon going to trial. Parker filed a motion to withdraw his guilty plea based on the fact that his attorney failed to inform him of the applicable statutory mandatory minimum sentence and the effect of his prior conviction for a drug felony on his sentence, the same issues he raises on appeal. Parker was appointed new counsel to litigate this motion. At this point in the proceeding, when the record reflects that both Parker and his counsel understood that Parker faced a ten-year statutory mandatory minimum under 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2001) based on his prior conviction, Parker withdrew his motion to withdraw his plea. Thus, the current record reflects that, even if Parker had been properly informed by his original counsels of the applicable manda-

tory minimum and the correct effect of the 21 U.S.C. § 851 (1994) notice filed by the Government, he would still have pled guilty.

Accordingly, we affirm. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*